**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEROY D. LINDQUIST, JR., | No. 13-35418 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05803-RBL |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 9, 2014
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Plaintiff-Appellant Leroy Lindquist ("Lindquist") appeals the district court's

decision to affirm the Social Security Commissioner's ("Commissioner") denial of

supplemental security income ("SSI") benefits. Lindquist argues that the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Administrative Law Judge ("ALJ") erred by: (1) improperly evaluating medical opinion evidence; (2) improperly discounting the credibility of Lindquist's testimony; (3) improperly discounting a lay witness statement; (4) failing to include all of Lindquist's limitations in his residual functional capacity ("RFC") determination; and (5) relying on Vocational Expert ("VE") testimony that Lindquist could perform other work even though that testimony was based on an erroneous RFC. In the alternative, Lindquist requests that we remand for rehearing based on new medical evidence submitted to the Appeals Council after the ALJ hearing.

We review de novo the district court's order upholding a decision by the Commissioner to deny benefits to an applicant. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). We affirm the Commissioner's decision if it applies the correct legal standards and is supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

**1.** The ALJ's evaluation of medical opinion evidence from Lindquist's treating, examining, and non-examining physicians was supported by substantial evidence. He thoroughly summarized the treating physicians' records documenting Lindquist's back and shoulder pain, and he concluded from the

records that Lindquist's medical conditions were controlled or controllable with treatment.

Further, when the ALJ accorded a physician's opinion diminished weight, he provided specific and legitimate reasons for doing so. Inconsistency between a physician's opinion and the claimant's daily activities suffices as a specific and legitimate reason for discounting the physician's opinion if supported by substantial evidence from the record as a whole. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600-02 (9th Cir. 1999). The ALJ reasonably found that examining physician Dr. Schneider's conclusion that Lindquist would not be able to maintain attendance or focus in the workplace was inconsistent with Lindquist's daily activities and treatment regimen. The ALJ's decision to give greater weight to the non-examining physician, whose conclusions were more consistent with the medical record evidence, was also reasonable. We therefore conclude that the ALJ's evaluation of the medical opinion evidence was supported by substantial evidence.

2. When a claimant presents objective medical evidence of an underlying severe impairment, the ALJ may "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation and

3

internal quotation marks omitted); *see also* SSR 96-7p. In finding that a claimant is not credible, the ALJ may consider the claimant's reputation for truthfulness, inconsistency within his testimony, inconsistency between testimony and conduct, daily activities, and testimony from other sources. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, the ALJ provided specific, clear, and convincing reasons for finding Lindquist's testimony not credible. First, he stated that Lindquist's "actual daily activities readily refute" his alleged limitations, noting, for example, that Lindquist testified to scuba diving 20 to 30 times since obtaining certification in 2003. He also pointed to Lindquist's ability to do household chores and his enrollment in community college as evidence that his limitations were not as pronounced as his testimony suggested. Second, the ALJ cited Lindquist's conservative treatment regimen as evidence that his physical and mental impairments were "moderate at most." The ALJ determined that Lindquist's conditions were well controlled by medication and did not preclude him from work activities. Therefore, the ALJ's adverse credibility determination was supported by substantial evidence from the record.

**3.** The ALJ provided germane reasons for discounting the lay witness statement submitted by Lindquist's friend. To discount lay witness opinion

evidence, an ALJ must "give reasons germane to each witness." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053-54 (9th Cir. 2006) (explaining that the ALJ's reasons for rejecting lay testimony must be "specific"). The ALJ gave Ms. Radcliff's testimony "little weight" because her statements about the severity of his pain and the frequency of his breaks were inconsistent with Lindquist's testimony, with the medical record, and with her and Lindquist's recent travel and scuba diving activities. The ALJ did not err in giving the lay witness's statement limited weight in light of the record as a whole.

4.      Because the ALJ properly considered Lindquist's medical records, testimony, and lay witness statements in determining Lindquist's RFC and additional functional limitations, the RFC was supported by substantial evidence. Moreover, because the VE testified that an individual with Lindquist's RFC could perform other work in the national or local economy, the ALJ met his burden of demonstrating that Lindquist was not disabled. *See* 20 C.F.R. § 416.966.

5.      "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). Remand on the basis of new evidence is not proper here, however, because the new evidence Lindquist

5

cites does not relate back to the relevant period of disability. The records at issue denote a disability onset date of September 20, 2010, which falls outside the period adjudicated by the ALJ.

**AFFIRMED.**